53. PC breached the Service Agreement by failing to avail itself of all the services provided by OrthAlliance despite repeated offers by OrthAlliance to provide the services. PC breached the Service Agreement in one or more of several particulars, including but not limited to the following:

- a. Failing to schedule consistent on-site visits by OrthAlliance practice enhancement consultants;
- b. Failing to generally attend practice enhancement seminars;
- c. Failing to generally send staff to practice enhancement seminars;
- d. Failing to actively participate in Group Purchasing programs;
- e. Failing to attend lectures and meet with vendors concerning equipment and supplies;
- f. Failing to implement appropriate billing and collection services;
- g. Failing to obtain assistance from OrthAlliance's marketing and practice enhancement consultants;
- h. Failing to fully and appropriately use OrthAlliance's business, consulting and financial practice enhancements;
- i. Hindering and/or rejecting OrthAlliance's ability to perform billing and collection duties;
- j. Failing to timely provide OrthAlliance with notice of the occurrence of any event likely to have a material adverse effect on the operations or financial condition of PC;
- k. Disclosing or using confidential information in violation of the Service Agreement;

l.  Violating the non-compete and/or non-solicitation clauses contained in the Service Agreement;

m.  Failing to pay fees as required by the Service Agreement;

n.  Attempting to terminate the Service Agreement without basis;

o.  Failing to perform in accordance with the Service Agreement at issue in several additional respects including, but not limited to, those failures and/or defects in performance alleged as Affirmative Defenses herein, which may, upon further discovery, rise to the level of breach of contract; and

p.  Employing an orthodontist (Hanson) without the orthodontist being obligated under an employment agreement.

54. OrthAlliance is entitled to recover from PC lost revenues and other damages in an amount to be determined at trial.

55. Under the Service Agreement, OrthAlliance is entitled to recover from PC its reasonable costs and attorney's fees.

**4.8  COUNT 8: Promissory Estoppel.**

56. OrthAlliance incorporates the allegations in counterclaim paragraphs 1-55.

57. To perform its obligations under the agreements, OrthAlliance was required to make a large initial outlay of cash and other resources to PC and/or Hanson. OrthAlliance would derive meaningful benefits and returns under the Service Agreement only if the Service Agreement remained in effect over a long-term period and PC used all of the available OrthAlliance services.

58. To date, OrthAlliance has fully, timely and properly provided all services under the Service Agreement. As a result, PC and Hanson have derived substantial benefits from the services provided by OrthAlliance.

59. At the time of the execution of the Purchase Agreement and thereafter, PC and Hanson represented to OrthAlliance that they would fully perform their obligations.

60. Through its statements, promises, acts and actions, PC and Hanson led OrthAlliance to believe they were committed to a long-term relationship with OrthAlliance. To enter the Service Agreement, OrthAlliance relied upon the statements, promises, acts and actions of PC and Hanson.

61. PC and Hanson knew that OrthAlliance relied upon their statements, promises, acts and actions.

62. OrthAlliance reasonably relied upon the statements, promises, acts and actions of PC and Hanson, all to the detriment of OrthAlliance.

63. OrthAlliance was significantly damaged as a result of its detrimental reliance, in an amount to be determined at trial.

**4.9   COUNT 9: Unjust enrichment.**

64. OrthAlliance incorporates the allegations in counterclaim paragraphs 1-63.

65. As a result of the services of OrthAlliance, PC and Hanson greatly benefited from the affiliation with OrthAlliance. The benefits included the sum paid by OrthAlliance to Hanson and the tools provided by OrthAlliance to help increase the productivity of PC and Hanson.

66. PC and Hanson knowingly accepted these benefits, all of which were provided to PC and Hanson pursuant to the agreement executed between OrthAlliance

and PC. In exchange for the payment and the increased benefits to PC and Hanson, OrthAlliance relied upon and expected to have a reasonable expectation of a long-term contractual relationship with PC.

67. If the Service Agreement is declared invalid for any reason, which is specifically denied, then OrthAlliance is nevertheless entitled to full and fair compensation from PC and Hanson for the payments and services provided to them under the Service Agreement and all other agreements.

68. OrthAlliance has been paid only a small portion of the amount due under the contract between PC and OrthAlliance. As a result of PC and Hanson receiving the benefit of the services of OrthAlliance, and yet failing to compensate OrthAlliance fully and fairly for those services, PC and Hanson have been unjustly enriched.

69. In order to rectify the unjust enrichment of PC and Hanson resulting from the payments and services of OrthAlliance, PC and Hanson must compensate OrthAlliance in full and in an amount of damages to be determined at trial.

### 4.10   COUNT 10: Declaration regarding the validity of his termination of the agreements.

70. OrthAlliance incorporates the allegations in counterclaim paragraphs 1-69.

71. The agreements require notice and an opportunity to cure before termination. OrthAlliance seeks a declaration that the agreements have not been terminated and are valid and enforceable.

### 4.11   COUNT 11: Violation of G.L., c. 93A.

72. OrthAlliance incorporates the allegations in counterclaim paragraphs 1-71.

73. In accordance with the agreements between the parties, OrthAlliance made a large initial outlay of cash and other resources, including confidential

23

information, to Hanson and PC. As a result, the productivity and revenues of PC have increased. Now that PC and Hanson have received the benefit of the agreements, they seek to avoid their obligations under those same agreements. Upon information and belief, the Plaintiffs willingly and knowingly obtained and continue to utilize confidential information and other resources received through what they contend is an illegal and unenforceable agreement. As a result, OrthAlliance has suffered damages. The Plaintiffs' willful and knowing conduct constitutes unfair and deceptive acts or practices in violation of General Laws, Chapter 93A. Consequently, OrthAlliance is entitled to recover treble its damages.

**5.    JURY DEMAND.**

74.    OrthAlliance demands a jury trial on all issues.

**6.    ATTORNEYS' FEES.**

75.    As a result of the PC and Hanson's acts, OrthAlliance was forced to hire attorneys to prosecute its claims and defend against PC and Hanson's claims in this lawsuit. Pursuant to law and the various agreements, OrthAlliance seeks recovery of its attorneys' fees and costs in this matter.

**7.    ORTHALLIANCE'S PRAYER FOR RELIEF.**

OrthAlliance prays for a judgment providing it the following relief:

a.    Dismiss PC and Hanson's claims with prejudice;

b.    Assess costs against the plaintiffs;

c.    Award OrthAlliance's attorneys' fees;

d.    Render judgment for OrthAlliance against PC and Hanson for damages to be determined at trial;

e.    Alternatively, order OrthAlliance, PC and Hanson the opportunity to amend the agreements to conform to Massachusetts law; and

f.    Award all other relief to which OrthAlliance is entitled.

                       Respectfully submitted,

                       LAW OFFICES OF ROBERT ARONSON

By _____

101 State Street
Springfield, Massachusetts 01103
Telephone: (413) 733-2600
Facsimile: (413) 737-4318
BBO No. 541800

McCLANAHAN & CLEARMAN, L.L.P.

By:  Scott M. Clearman, Esq.
     Randy J. McClanahan, Esq.
     Robert H. Espey, II, Esq.
     Michael D. Myers, Esq.

4100 Bank of America Center
700 Louisiana
Houston, Texas 77002
Telephone: (713) 223-2005
Facsimile: (713) 223-3664

ATTORNEYS FOR DEFENDANT
ORTHALLIANCE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on April 12, 2004

_____
Robert Aronson

25