UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN F. HANSON, JR.<br>and JOHN F. HANSON,<br>DMD, P.C., | §<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | § | Civil Action No. 04-30045-KPN |
| ORTHALLIANCE INC.,<br>a Delaware corporation, | §<br>§<br>§<br>§ | |
| Defendant. | §<br>§ | |

## PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO ORTHALLIANCE'S COUNTERCLAIMS

Plaintiffs, John F. Hanson, Jr. and John F. Hanson, DMD, P.C. (collectively "Plaintiffs"), hereby file Plaintiffs' Answer and Affirmative Defenses to OrthAlliance's Counterclaims as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Plaintiffs admit that this Court has subject matter jurisdiction and that OrthAlliance purports to seek damages in excess of $75,000.00, but Plaintiffs deny that OrthAlliance is entitled to recover such alleged damages.

5. Denied.

6. Plaintiffs admit that OrthAlliance induced them to execute certain contracts, but deny the characterization of the contracts provided by OrthAlliance. To the extent necessary, any remaining allegations are hereby denied.

7. Plaintiffs admit that the Service Agreement obligated OrthAlliance to provide certain comprehensive practice management services, but deny the characterization of the Service Agreement provided by OrthAlliance. To the extent necessary, any remaining allegations are hereby denied.

8. Denied.

9. Denied.

10. Plaintiffs admit that the Service Agreement contained a covenant not to compete and required Hanson P.C. to execute an Employment Agreement with Dr. Hanson, but deny the characterization of the Service Agreement provided by OrthAlliance. To the extent necessary, any remaining allegations are hereby denied.

11. Plaintiffs admit that the Service Agreement was amended after the OCA merger, but deny the characterization of the Service Agreement or the amendment thereto as provided by OrthAlliance. All remaining allegations are hereby denied.

12. Plaintiffs admit that the Employment Agreement contains a covenant not to compete, but deny the characterization of the Employment Agreement as provided by OrthAlliance. All remaining allegations are hereby denied.

13. Denied.

14. Denied.

15. Denied, and all subparts denied.

16. Denied.

17. Denied.

18. Denied.

19. Plaintiffs admit that OrthAlliance pleads counts 1-4 only in the event Plaintiffs prove their claims and that its other claims are independent, but Plaintiffs deny that any of OrthAlliance's claim have merit.

## COUNT 1: ORTHALLIANCE IS ENTITLED TO REFORM THE SERVICE AGREEMENT BETWEEN ITSELF AND PC TO COMPLY WITH LAW

20. Plaintiffs incorporate by reference their responses to paragraphs 1-19.

21. Denied.

22. Plaintiffs admit that OrthAlliance purports to cite to the Service Agreement, but deny that OrthAlliance has accurately characterized the provisions referenced therein. To the extent necessary, any remaining allegations are hereby denied.

23. Plaintiffs admit that OrthAlliance purports to cite to the Service Agreement, but deny that OrthAlliance has accurately characterized the provisions referenced therein. To the extent necessary, any remaining allegations are hereby denied.

24. Plaintiffs admit that OrthAlliance is not licensed to practice dentistry. All remaining allegations are hereby denied.

25. Plaintiffs admit that OrthAlliance purports to cite to the Service Agreement, but deny that OrthAlliance has accurately characterized the provisions referenced therein. To the extent necessary, any remaining allegations are hereby denied.

26. Plaintiffs admit that OrthAlliance purports to cite to the Service Agreement, but deny that OrthAlliance has accurately characterized the provisions referenced therein. To the extent necessary, any remaining allegations are hereby denied.

27. Denied.

## COUNT 2: ORTHALLIANCE, AS A THIRD PARTY BENEFICIARY, IS ENTITLED TO REQUIRE PC AND HANSON TO MODIFY THE EMPLOYMENT AGREEMENT TO COMPLY WITH LAW

28. Plaintiffs incorporate by reference their responses to paragraphs 1-27.

29. Plaintiffs admit that OrthAlliance purports to cite to the Employment Agreement and/or the Service Agreements, but deny that OrthAlliance has accurately characterized the provisions referenced therein. To the extent necessary, any remaining allegations are hereby denied.

30. Denied.

## COUNT 3: PC AND HANSON HAVE BREACHED THEIR CONTRACTS WITH OR BENEFITING ORTHALLIANCE BY, ACCORDING TO THEIR COMPLAINT, PROVIDING SERVICES TO PATIENTS THAT WERE BELOW HANSON'S ETHICAL STANDARD AND THE LAWS AND REGULATIONS APPLYING TO THE DENTAL PROFESSION.

31. Plaintiffs incorporate by reference their responses to paragraphs 1-30.

32. Denied.

33. Plaintiffs admit that OrthAlliance purports to cite to the Service Agreement, but deny that OrthAlliance has accurately characterized the provisions referenced therein. To the extent necessary, any remaining allegations are hereby denied.

34. Denied.

35. Plaintiffs admit that OrthAlliance purports to cite to the Service Agreement, but deny that OrthAlliance has accurately characterized the provisions referenced therein. To the extent necessary, any remaining allegations are hereby denied.

36. Plaintiffs admit that OrthAlliance purports to cite to the Service Agreement, but deny that OrthAlliance has accurately characterized the provisions referenced therein. To the extent necessary, any remaining allegations are hereby denied.

37. Denied.

38. Denied.

39. Denied.

## COUNT 4: PC'S BREACH OF THE SERVICE AGREEMENT BY NOT EMPLOYING AN ORTHODONTIST WHO INDEPENDENTLY EXERCISES PROFESSIONAL AND ETHICAL JUDGMENT IN PATIENT CARE

40. Plaintiffs incorporate by reference their responses to paragraphs 1-39.

41. Plaintiffs admit that OrthAlliance purports to cite to the Service Agreement, but deny that OrthAlliance has accurately characterized the provisions referenced therein. To the extent necessary, any remaining allegations are hereby denied.

42. Plaintiffs admit that OrthAlliance purports to cite to the Employment Agreement, but deny that OrthAlliance has accurately characterized the provisions referenced therein. To the extent necessary, any remaining allegations are hereby denied.

43. Plaintiffs admit that OrthAlliance purports to cite to the Service Agreement, but deny that OrthAlliance has accurately characterized the provisions referenced therein. To the extent necessary, any remaining allegations are hereby denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## COUNT 6: SPECIFIC PERFORMANCE [sic]

48. Plaintiffs incorporate by reference their responses to paragraphs 1-47.

49. Denied.

50. Denied.

51. Denied.

## COUNT 7: BREACH OF CONTRACT [sic]

52. Plaintiffs incorporate by reference their responses to paragraphs 1-51

53. Denied, and all subparts denied.

54. Denied.

55. Denied.

## COUNT 8: PROMISSORY ESTOPPEL [sic]

56. Plaintiffs incorporate by reference their responses to paragraphs 1-55.

57. Denied.

58. Denied.

59. Admitted.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT 9: UNJUST ENRICHMENT [sic]

64. Plaintiffs incorporate by reference their responses to paragraphs 1-63.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## COUNT 10: DECLARATION REGARDING THE VALIDITY OF HIS TERMINATION OF THE AGREEMENTS [sic]

70. Plaintiffs incorporate by reference their responses to paragraphs 1-69.

71. Plaintiffs admit that the Service Agreement contains a notice provision. All remaining allegations are denied.

## COUNT 11: VIOLATION OF G.L., c. 93A [sic]

72. Plaintiffs incorporate by reference their responses to paragraphs 1-71.

73. Denied.

## JURY DEMAND

74. Plaintiffs admit that OrthAlliance demands a jury.

## ATTORNEYS' FEES

75. Denied.

## AFFIRMATIVE DEFENSES

By way of further answer and to the extent required, Plaintiffs assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

OrthAlliance has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

OrthAlliance's claims are barred, in whole or in part, by the doctrine of estoppel. OrthAlliance has never previously complained about Plaintiffs' alleged failure to utilize the services offered by OrthAlliance. Additionally, OrthAlliance previously made contrary representations regarding Plaintiffs' duty to accepted such services. Plaintiffs relied on these acts and omissions to their legal detriment.

### THIRD AFFIRMATIVE DEFENSE

OrthAlliance's claims are barred, in whole or in part, by the doctrine of failure of consideration. OrthAlliance has failed to provide the services required under the Service Agreement despite Plaintiffs' payment of the service fees required thereunder.

### FOURTH AFFIRMATIVE DEFENSE

OrthAlliance's claims are barred, in whole or in part, by the doctrine of illegality. The Service Agreement forming the basis of OrthAlliance's causes of action violate the law of the Commonwealth of Massachusetts as set forth in Plaintiffs' Original Complaint, which is incorporated herein by reference.

### FIFTH AFFIRMATIVE DEFENSE

OrthAlliance's claims are barred, in whole or in part, because the Service Agreement forming the basis of OrthAlliance's causes of action are contrary to the public policy of the Commonwealth of Massachusetts as set forth in Plaintiffs' Original Complaint, which is incorporated herein by reference.

### SIXTH AFFIRMATIVE DEFENSE

OrthAlliance's claims are barred, in whole or in part, by the doctrine of prior breach of contract. OrthAlliance's prior material breaches of the Service Agreement, including its failure to provide the services required thereunder, excuse Plaintiffs' alleged non-performance.

### SEVENTH AFFIRMATIVE DEFENSE

OrthAlliance's claims are barred, in whole or in part, by the doctrine of waiver. OrthAlliance failed to previously complain about Plaintiffs' alleged failure to utilize the services offered by OrthAlliance. Additionally, OrthAlliance previously made contrary representations regarding Plaintiffs' duty to accepted such services. These acts and omissions constitute waiver.

## EIGHTH AFFIRMATIVE DEFENSE

OrthAlliance's claims are barred, in whole or in part, because it failed to mitigate its alleged damages.

## NINTH AFFIRMATIVE DEFENSE

OrthAlliance's claims are barred, in whole or in part, by the parol evidence rule and merger doctrine. To the extent it is determined that the Service Agreement is unambiguous and fully integrated, OrthAlliance cannot rely upon any previous or contemporaneous representations made by Plaintiffs that are not embodied in the written contracts themselves or that contradict the contracts. Alternatively, Plaintiffs assert that the Service Agreement is ambiguous and that OrthAlliance's claims are barred, in whole or in part, under the terms of the Service Agreement as construed in accordance with the intent of the parties.

## TENTH AFFIRMATIVE DEFENSE

OrthAlliance's claims are barred, in whole or in part, by its unreasonable reliance. To the extent that OrthAlliance relied upon any representations (which Plaintiffs expressly deny) that are contrary to the terms of the Service Agreement, OrthAlliance's reliance upon such representations was unreasonable.

## ELEVENTH AFFIRMATIVE DEFENSE

OrthAlliance's claims are barred, in whole or in part, by the doctrine of fraud.

## TWELFTH AFFIRMATIVE DEFENSE

OrthAlliance's claims are barred, in whole or in part, by the doctrine of unclean hands. OrthAlliance's prior breach of the Service Agreement and its wrongful and illegal conduct preclude OrthAlliance from seeking to invoke the court's equitable jurisdiction.

### THIRTEENTH AFFIRMATIVE DEFENSE

OrthAlliance's claims are barred, in whole or in part, by the doctrine of offset due to (1) Plaintiffs' prior payment of fees and expenses to OrthAlliance for services they did not receive, (2) the savings to OrthAlliance of being relieved of its future obligations under the Service Agreement; and (3) the damages that Plaintiffs have suffered due to OrthAlliance's misconduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

OrthAlliance's claims for equitable relief are barred, in whole or in part, because an adequate remedy of law exists. Specifically, OrthAlliance can seek, and indeed has sought, to recover monetary damages for breach of a written contract.

### FIFTEENTH AFFIRMATIVE DEFENSE

OrthAlliance's claims for the extraordinary relief of specific performance are barred, in whole or in part, by the prohibition against involuntary servitude in the United States and Massachusetts' Constitutions. OrthAlliance seeks an order requiring the Orthodontists to accept services offered by OrthAlliance and to continue their employment by the Orthodontic Entities. Such an order constitutes involuntary servitude and is specifically prohibited by law.

### SIXTEENTH AFFIRMATIVE DEFENSE

OrthAlliance's claims are barred, in whole or in part, by the doctrine of payment. Plaintiffs have paid, and OrthAlliance has accepted, the service fees under the Service Agreement.

### SEVENTEENTH AFFIRMATIVE DEFENSE

OrthAlliance claims are barred, in whole or in part, by the statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

OrthAlliance claims are barred, in whole or in part, because it lacks standing to seek enforcement of the terms of the Employment Agreement.

## NINETEENTH AFFIRMATIVE DEFENSE

OrthAlliance claims are barred, in whole or in part, by the doctrine of laches.

Respectfully submitted,

John R. Gobel, BBO#196340
GOBEL & HOLLISTER
106 Wendell Avenue
Pittsfield, Massachusetts 01201
Telephone: (413) 443-7337
Facsimile: (413) 499-2981

Brian A. Colao – *pro hac vice*
  Texas Bar No. 00793528
Christopher M. LaVigne – *pro hac vice*
  Texas State Bar No. 24026984
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

COUNSEL FOR PLAINTIFFS

Dated: April 27, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on this 27 day of April, 2004, to the following counsel of record:

via certified mail:
Robert Aronson
Law Offices of Robert Aronson
101 State Street
Springfield, Massachusetts 01103

via certified mail:
Scott Clearman
McClanahan & Clearman, LLP
4100 Bank of America Center
700 Louisiana
Houston, Texas 77002

_____
John R. Gobel

**PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES
TO ORTHALLIANCE'S COUNTERCLAIMS – PAGE 12**
DALLAS:38735/00001:1277179V1