BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| *In re* OrthAlliance, Inc. Contract Litigation | MDL Docket No. _____ |

**MOTION BY ORTHALLIANCE, INC. FOR TRANSFER OF ACTIONS FOR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

OrthAlliance, Inc. ("OrthAlliance") respectfully moves the Panel for an order, pursuant to 28 U.S.C. § 1407, transferring the actions described in the attached Schedule of Actions (the "Schedule") to the United States District Court for the Northern District of Indiana, and consolidating those actions for pretrial proceedings in that court. Alternatively, OrthAlliance requests that the Panel transfer the cases to the Middle District of Florida for consolidation. In support of this motion, and as more fully set forth in the accompanying brief submitted herewith, OrthAlliance avers as follows:

1.  This motion involves the transfer of cases pending in several different districts involving numerous orthodontists and their practices, each of which contracted with OrthAlliance under similar agreements. Those agreements involve the provision of business management and consulting services by OrthAlliance to those orthodontists and their practices.

2. OrthAlliance is a company commonly referred to as a management service organization. The services that it provides to orthodontists and orthodontic practices include bookkeeping, payroll, collections and purchasing of supplies.

3. The numerous orthodontists and orthodontic practices involved in this litigation were each involved in substantially similar transactions with OrthAlliance.

4. Each of the actions arose out of the contractual relationships between OrthAlliance and its affiliated orthodontists and their practices, particularly, the Service Agreements entered into by the parties.

5. The contractual relationships between the parties centers on the provision of business management and consulting services by OrthAlliance to each of the orthodontic practices in return for monthly service fees.

6. The Service Agreements all contain substantially similar provisions regarding OrthAlliance's performance of its obligations and are basically standard contracts with slight modifications in accordance with various state laws and negotiations between the parties.

7. The cases for which transfer is sought can be divided into two groups. The first group consists of actions brought by affiliated orthodontists and their practices. Each alleges that OrthAlliance breached its contractual obligations under the Service Agreements and failed to provide business management services. Other claims, such as the illegality of the agreements, fraudulent inducement on the part of OrthAlliance, and breach of duty of good faith, were also brought against OrthAlliance by the affiliated orthodontists and their practices. To these complaints, OrthAlliance has counterclaimed alleging breach of contract.

8. The second group contains actions brought by OrthAlliance against other affiliated orthodontists and their practices alleging breach of the Service Agreements similar to OrthAlliance's counterclaims. Those orthodontists and orthodontic practices have begun answering and some have counterclaimed that OrthAlliance breached the Service Agreements, as well as other counterclaims.

9. The cases identified on the Schedule are all based on the same or substantially similar factual allegations of non-performance with respect to OrthAlliance and the orthodontists and the orthodontic practices and the contractual relationship between the parties. The cases involve common questions of fact relating to the manner in which OrthAlliance provides its services, the manner in which the orthodontists and the orthodontic practices perform under their agreements with OrthAlliance, OrthAlliance's obligations to provide its services, the methods used by OrthAlliance to induce orthodontists to enter into contractual arrangements with the company, and the control that OrthAlliance exercises over the business aspects of the orthodontic practices and over the orthodontists practicing at those practices.

10. The cases listed on the Schedule are at various stages of discovery.

11. The Dallas office of the firm of Locke Liddell & Sapp LLP is either lead counsel or co-counsel for all of cases listed on the Schedule, with the exception, at this time, of recent actions filed by OrthAlliance. It is expected that the firm will be counsel in these suits as well. Where necessary, Locke Liddell & Sapp LLP has employed local counsel.

12. A transfer for coordinated pretrial proceedings is appropriate and necessary to avoid duplication in discovery and the risk of inconsistent pretrial rulings, and to conserve the time and efforts of the parties, the witnesses, and the judiciary. Particularly,

discovery in each of the cases listed on the Schedule has been, and will continue to be, duplicative of the discovery in other cases listed on the Schedule. That discovery involves the construction and interpretation of the Service Agreements, the contractual and financial obligations of the parties, the negotiation of the Service Agreements and the parties' performance under the Service Agreements. Moreover, the legal theories upon which the parties' claims are based overlap in many instances and include, in addition to breach of contract, fraud on the part of OrthAlliance and an accounting.

13.  Consolidation of these cases will further the convenience of the parties and witnesses; the persons with knowledge of the underlying events will be central witnesses in each of the cases.

14.  Consolidation will promote the just and efficient conduct of the actions listed on the Schedule because, although discovery is at different stages, a coordinated approach will allow a single judge to determine which completed discovery can be used in all of the cases, administer a comprehensive discovery schedule, and resolve discovery disputes in a uniform fashion.

15.  Transfer of the cases listed on the Schedule for consolidation in the Northern District of Indiana, and specifically to Judge Philip P. Simon, is appropriate because Judge Simon has acquired substantial familiarity with the issues presented by the cases as a result of his activity in *Orthodontic Affiliates, P.C. v. OrthAlliance, Inc.*, No. 2:01-CV-00516 (N.D. Ind.), *Lahrman v. OrthAlliance, Inc.*, which was consolidated into *Orthodontic Affiliates*, and *Cohen v. OrthAlliance Inc.*, No. 1:01-CV-00352-PPS-APR (N.D. Ind.), which was recently settled. Indiana's central location is also convenient for the parties and their counsel.

16. Alternatively, OrthAlliance requests transfer of the cases to the Middle District of Florida for consolidation. Two of the cases for which transfer is sought are pending in that district and two others are pending in other districts located in the state.

          Respectfully submitted,

          Scott M. Clearman
          Texas Bar No. 04350090
          Randy J. McClanahan
          Texas Bar No. 13391500
          Michael D. Myers
          Texas Bar No. 00791331
          Robert H. Espey, II
          Texas Bar No. 24007163
          Brian D. Walsh
          Texas Bar No. 24037665
          McClanahan & Clearman, L.L.P.
          4100 Bank of America Center
          700 Louisiana
          Houston, Texas 77002
          Telephone: (713) 223-2005
          Facsimile: (713) 223-3664

By: /s/ Scott M. Clearman
          SCOTT M. CLEARMAN
          Counsel for OrthAlliance, Inc. and
          Orthodontic Centers of America, Inc.

22922.1

## CERTIFICATE OF SERVICE

I certify that I have, on the date indicated below, served copies of OrthAlliance, Inc.'s MOTION FOR TRANSFER OF ACTIONS FOR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407 and BRIEF IN SUPPORT by delivering a copy to local counsel for OrthAlliance, Inc. for filing with the clerk of the following United States District Courts:

Northern District of Georgia, Atlanta Division
Northern District of Indiana, Hammond Division
Middle District of Tennessee, Nashville Division
Eastern District of Kentucky, Lexington Division
Middle District of Florida, Jacksonville Division
Middle District of Florida, Tampa Division
District of Massachusetts, Springfield Division
Northern District of Illinois, Eastern Division
Northern District of Florida, Pensacola Division
Southern District of Florida, Miami Division
Northern District of Alabama, Southern Division
District of Oregon

and by delivering the same by U.S. Certified Mail to the following:

Kristin L. Bremer
Barran Liebman
601 SW 2nd Avenue, Suite 2300
Portland, OR 97204
*Attorney for Dr. Kenneth Greenbaum and Greenbaum Orthodontics, P.C.*

James J. Brissette
McGee & Oxford, LLP
2800 Tower Place
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326
*Attorney for T. Barry Clower, D.M.D., and T. Barry Clower, D.M.D., P.C.*

Michael L. Dagley
Bass, Berry & Sims, PLC
AmSouth Center, Suite 2700
315 Deaderick Street
Nashville, TN 37238-3001
*Attorney for Anthony R. Togrye and Anthony R. Togrye D.D.S., P.C.*

Larry G. Evans
Hoeppner Wagner and Evans LLP
1000 E 80th Place Suite 606 South
PO Box 10627
Merrillville, IN 46410
*Attorney for Michael D. Goodwin, D.D.S., M.S. and Michael D. Goodwin, D.D.S., M.S. P.C.*

*Motion for transfer for consolidated pretrial proceedings, 14 September 2004, page 6.*

Hank D. Fellows, Jr.
Fellows, Johnson & LaBriola
225 Peachtree Street, N.E.
South Tower, Suite 2300
Atlanta, Georgia 30303
*Attorney for T. Barry Clower, D.M.D., and T. Barry Clower, D.M.D., P.C.*

John P. Gobel
Gobel & Hollister
106 Wendell Avenue
Pittsfield, MA 01201
*Attorney for John F. Hanson, Jr. and John F. Hanson, DMD, P.C.*

Richard M. Goldstein
Goldstein Tanen & Trench
Two South Biscayne Blvd., Suite 3250
Miami, Florida 33131
*Attorney for David Garner, Suellen Rodeffer and Rodeffer & Garner, D.D.S., P.A.; Gregory P. Scott and Gregory P. Scott, D.D.S., P.A; and Kentucky Center for Orthodontics, P.S.C., Douglas D. Durbin, D.M.D., M.S.D. and John Huang, D.M.D., M.S.*

A. Jack Hinton
Hinton & Powell
2800 Tower Place
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326
*Attorney for T. Barry Clower, D.M.D., and T. Barry Clower, D.M.D., P.C.*

Benjamin Lee Kessinger, III
Service by Hand-Delivery
Kinkead & Stiltz, PLLC
National City Plaza
301 East Main Street, Suite 800
Lexington, Kentucky 40507-1520
*Attorney for Kentucky Center for Orthodontics, P.S.C., Douglas D. Durbin, D.M.D., M.S.D. and John Huang, D.M.D., M.S.*

David W. Kious, Esq.
Kious & Rodgers
503 N. Maple St
Murfreesboro, TN 37130
*Attorney for Anthony R. Togrye and Anthony R. Togrye D.D.S., P.C.*

Michael A. Kraft
Quinn, Johnston, Henderson & Pretorius
227 N.E. Jefferson
Peoria, IL 61602
*Attorney for Charles L. Schnibben, D.D.S., M.S. and Dr. Charles L. Schnibben, Ltd.*

James P. Rea
Ann McMahan
Dominick, Fletcher, Yeilding, Wood & Lloyd, P.A.
2121 Highland Avenue South
Birmingham, AL 35205
*Attorneys for Ronald G. Philipp and Birmingham Orthocare, P.C.*

Alicia Carroll D.M.D.
11545 N. Kendall Dr.
Miami, FL 33176

Hirschfield & Associates, P.A.
c/o Alicia Carroll D.M.D.
11545 Kendall Dr.
Miami, FL 33176

Trawick Orthodontic Center, P.A.
c/o Stephen C. Trawick, D.D.S.
1100 Airport Blvd., Bldg. A
Pensacola, FL 32504

Stephen C. Trawick, D.D.S.
1100 Airport Blvd., Bldg. A
Pensacola, FL 32504

Roger B. Cowie
Brian A. Colao
Christopher M. LaVigne
Locke, Liddell & Sapp LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
*Attorneys for T. Barry Clower, D.M.D., and T. Barry Clower, D.M.D., P.C.; Don E. Lahrman, D.D.S., M.S.D., Don E. Lahrman, D.D.S., M.S.D., Ben B/ Pence, D.M.D., Columbus Orthodontic Associates, P.C., Charles M. Simons, D.D.S. and Charles M. Simons, D.D.S, Inc.; Orthodontic Affiliates, P.C.; Anthony R. Togrye and Anthony R. Togrye D.D.S., P.C.; David Garner, Suellen Rodeffer and Rodeffer & Garner, D.D.S., P.A.; Gregory P. Scott and Gregory P. Scott, D.D.S., P.A.; John F. Hanson, Jr. and Johns F. Hanson, DMD, P.C.; Kentucky Center for Orthodontics, P.S.C., Douglas D. Durbin, D.M.D., M.S.D. and John Huang, D.M.D., M.S.; Michael D. Goodwin, D.D.S., M.S. and Michael D. Goodwin, D.D.S., M.S. P.C.; Dr. Kenneth Greenbaum and Greenbaum Orthodontics, P.C.*

SIGNED this 14th day of September, 2004.

By: _____
SCOTT M. CLEARMAN