BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| *In re* OrthAlliance, Inc. Contract Litigation | MDL-1652 |

**ORTHALLIANCE'S REPLY IN SUPPORT OF ITS MOTION FOR TRANSFER OF ACTIONS FOR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. §1407**

Pursuant to Panel Rule 7.2(d), OrthAlliance, Inc. ("OrthAlliance") files the following reply in support of its motion for transfer of actions.

**1.   INTRODUCTION.**

Three different parties have responded to and opposed, at least in part, OrthAlliance's motion for transfer. The Locke Liddell Group of Former OrthAlliance Doctors (the "Locke Liddell Group") support the transfer of certain cases, oppose the transfer of others, and have requested the inclusion of group of cases currently pending in the Northern District of Texas in any order of consolidation. The Locke Liddell Group also opposes the forums to which OrthAlliance has requested transfer. Charles L. Schnibben, D.D.S., M.S. and Dr. Charles L. Schnibben, Ltd. (collectively, "Schnibben") have responded in opposition to transfer, as have Ronald G. Philipp and Birmingham Orthocare, P.C. (collectively, "Philipp"). This reply will address the preceding parties' opposition to transfer.

## 2. REPLY.

### 2.1 Opposition of the Locke Liddell Group.

The Locke Liddell Group opposes the transfer of five "Trial Ready Cases": (i) *Clower v. OrthAlliance*, (ii) *Togrye v. OrthAlliance*, (iii) *Orthodontic Affiliates/Lahrman v. OrthAlliance*, (iv) *Garner v. OrthAlliance*, and (v) *Scott v. OrthAlliance*. OrthAlliance agrees with the Locke Liddell Group that, due to events occurring after OrthAlliance's motion for transfer was filed, *Clower* and *Togrye* should not be subject to transfer under 28 U.S.C. §1407. The Northern District of Georgia on that same date granted summary judgment for OrthAlliance and only two state law claims, fraud and Georgia RICO, remain in the case.[1] Thus, *Clower* is no longer appropriate for transfer under § 1407. As for *Togrye*, the parties have recently reached a settlement and are preparing the necessary documents for dismissal.[2] That case, too, is no longer appropriate for transfer under §1407.

As for *Orthodontic Affiliates/Lahrman*, *Garner*, and *Scott*, the Locke Liddell Group is correct that discovery has ended in each and motions for summary judgment are currently pending in all.[3] First, as noted in OrthAlliance's opening brief, the pendency of dispositive motions is not a bar to transfer.[4] In fact, the motions for summary judgment recently filed by the plaintiffs in *Garner* and *Scott* are nearly identical.[5] Effectively, the same motion is before two different judges in the Middle District of Florida. This is wasteful. With respect to the completion of discovery in those three cases, OrthAlliance

---

[1] See the Locke Liddell Group's Response, at Ex. 12.

[2] See the Locke Liddell Group's Response, at 9 n. 27.

[3] See OrthAlliance's brief in support of its motion to transfer, pp. 4-5.

[4] See *In re Data General Corp. Antitrust Litigation*, 510 F. Supp. 1220, 1227-28 (J.P.M.L. 1979).

[5] **Exhibits A & B** (Motion for partial summary judgment of *Garner* and *Scott*).

*Reply in support of motion to transfer, 18 October 2004, page 2.*

views all of the cases for which transfer is requested as a single nationwide action. Accordingly, consolidation is appropriate because documents already produced and deposition testimony already taken in those cases, especially where OrthAlliance is concerned, may be made applicable to all of the consolidated cases.

OrthAlliance also seeks transfer of the requested cases (except *Clower* and *Togrye*) in an effort to have all of the actions before a single judge in order to facilitate settlement and coordinate the trial of each individual action, as and if necessary. A transferee judge will be in the best position to suggest to the Panel which cases should be remanded for trial and the appropriate time for remand because that judge will be able to consider the effect of remand on the entire litigation, not just one particular portion.[6] A transferee court would be able suggest the remand of cases for trial in a controllable order. As it stands now, *Scott* and *Garner* are scheduled for trial within a month of each other. The randomness of the current trial schedules, and the lack of coordination of that schedule among all of the actions for which transfer is sought defeats the likelihood of a global settlement of the actions, even those that are proceeding towards trial.[7] Not only will pretrial procedures be aided and advanced by transfer and consolidation, but the ultimate resolution of the cases, either by trial or settlement, will be coordinated and controllable through transfer.

### 2.2 Request of the Locke Liddell Group for transfer of the Dallas Cases.

But for the appeal currently before the Fifth Circuit, OrthAlliance agrees that the Dallas cases would be appropriate for transfer and that Dallas would be the likely forum

---

[6] J.P.M.L. Rule 7.6(c)-(d).

[7] See generally MANUAL FOR COMPLEX LITIGATION, FOURTH § 20.132 (2004).

*Reply in support of motion to transfer, 18 October 2004, page 3.*

for transfer.[8] OrthAlliance also agrees that Judge Godbey is knowledgeable in, and has gained considerable experience with, the OrthAlliance cases he has had before him. However, and for all practical purposes, all that remains in those cases at this time is an equitable claim for unjust enrichment. That equitable claim is actionable now only because certain of the agreements in the *Penny* consolidated cases have been held unenforceable. If the Fifth Circuit reverses Judge Godbey's decision in *Penny*, OrthAlliance's equitable unjust enrichment claim will no longer be actionable and each of the parties' breach of contract claims will be again ripe for review.

Contrary to the Locke Liddell Group's assertion, OrthAlliance is not vigorously litigating its unjust enrichment claim in the Dallas cases at this time; rather, OrthAlliance is awaiting the decision of the Fifth Circuit as to whether OrthAlliance's contracts in Texas are enforceable.[9] The Fifth Circuit's decision will determine which claim is appropriate, breach of contract or equitable unjust enrichment. The Northern District of Texas may also be awaiting the decision of the Fifth Circuit before proceeding. Prior to their consolidation into *Penny*, the *Perkins* case and the *Stevenson* case were stayed pending the *Penny* appeal.[10] In its June 25, 2004 order consolidating the *Perkins*, *Borkowski* and *Cole* cases with *Penny*, the Northern District stated that "[a]ll deadlines established in any prior scheduling or case management order entered in any of these member cases are hereby stricken and a new case management order shall be issued from this Court governing the consolidated action."[11] A new case management order

---

[8]  See OrthAlliance's brief in support of its motion for transfer, pp. 7-8.

[9]  See Locke Liddell Group's Cross-Motion ¶6.

[10] See **Exhibits C, D & E**.

[11] **Exhibit F.**

*Reply in support of motion to transfer, 18 October 2004, page 4.*

has not issued. Because the current status of the *Penny* consolidated action, both procedurally and substantively, is unclear, OrthAlliance did not request transfer of those actions. Instead, OrthAlliance's position is that it may be more appropriate to await the Fifth Circuit's decision before transfer of the *Penny* cases. That said, should the Panel in its discretion include the Dallas cases in a transfer order, OrthAlliance concedes that the Northern District of Texas would be one of the proper forums for consolidation.

At this time, the cases that OrthAlliance requested to be transferred are concentrated in Indiana and Florida; the remainder are pending in various district courts throughout the country. One consolidated action and one of the cases brought by OrthAlliance are currently pending before the same judge in the Northern District of Indiana. Another case, *Cohen v. OrthAlliance New Image, Inc.*, recently settled in that same court. Alternatively, there are four cases pending in the state of Florida, two in the Middle District, one in the Southern District and one in the Northern District. As stated in OrthAlliance's motion to transfer, either of those district courts is an appropriate forum for transfer and consolidation.

### 2.3   Opposition of Schnibben and Philipp.

Philipp opposes transfer of the *Philipp* case because of the variations among some of the doctors' agreements, including the fact that certain doctors amended their agreements, the inconvenience to Philipp that could be caused by transfer, and the application of differing state laws. Philipp also accuses OrthAlliance of forum shopping. Schnibben argues that transfer is inappropriate because the legality and validity of the agreements, as issues of Illinois state law, are the core of Schnibben's case, a motion

to dismiss is pending, and because OrthAlliance is allegedly forum shopping.[12] For the reasons stated in OrthAlliance's brief in support of its motion for transfer, and agreed to by the Locke Liddell Group with respect to *Philipp* and *Schnibben*, OrthAlliance disagrees.[13]

---

[12] Neither Schnibben nor Philipp specifically admitted or denied OrthAlliance's averments in its motion to transfer in accordance with Panel Rule 7.1(b).

[13] See the Locke Liddell Group's response, p. 4-5.

*Reply in support of motion to transfer, 18 October 2004, page 6.*

Respectfully submitted,

Scott M. Clearman
Texas Bar No. 04350090
Randy J. McClanahan
Texas Bar No. 13391500
Michael D. Myers
Texas Bar No. 00791331
Robert H. Espey, II
Texas Bar No. 24007163
Brian D. Walsh
Texas Bar No. 24037665
McClanahan & Clearman, L.L.P.
4100 Bank of America Center
700 Louisiana
Houston, Texas 77002
Telephone: (713) 223-2005
Facsimile: (713) 223-3664

By: _____ with permission
SCOTT M. CLEARMAN
Counsel for OrthAlliance, Inc. and
Orthodontic Centers of America, Inc.

#23218 v2

*Reply in support of motion to transfer, 18 October 2004, page 7.*

## CERTIFICATE OF SERVICE

I certify that I have, on the date indicated below, served a copy of the foregoing either electronically, via Federal Express or by delivery to local counsel for OrthAlliance, Inc. for filing with the clerks of the following United States District Courts:

Northern District of Georgia, Atlanta Division
Northern District of Indiana, Hammond Division
Middle District of Tennessee, Nashville Division
Eastern District of Kentucky, Lexington Division
Middle District of Florida, Jacksonville Division
Middle District of Florida, Tampa Division
District of Massachusetts, Springfield Division
Northern District of Illinois, Eastern Division
Northern District of Florida, Pensacola Division
Southern District of Florida, Miami Division
Northern District of Alabama, Southern Division
District of Oregon
Northern District of Texas, Dallas Division

and by delivering the same by U.S. Certified Mail to those listed on the attached Multidistrict Litigation Panel Attorney Service List and to the following:

| | |
|---|---|
| Larry Huelbig<br>David T. Chang<br>Haynes and Boone, LLP<br>1000 Louisiana, Suite 4300<br>Houston, Texas 77002<br>Telephone: (713) 547-2014<br>Facsimile: (713) 236-5642<br>*Attorney for Hal C. Stevenson* | Glenn R. Lemay<br>DiCecco, Fant & Burman<br>1900 West Loop South, Suite 1100<br>Houston, Texas 77027<br>Telephone: (713) 961-3366<br>Facsimile: (713) 961-3938<br>*Attorney for Steve Cole, D.D.S. and Bay Area Orthodontics, P.C.* |

SIGNED this 18th day of October, 2004.

By: _____
SCOTT M. CLEARMAN

*Reply in support of motion to transfer, 18 October 2004, page 8.*

Docket: 1652 - In re OrthAlliance, Inc., Contract Litigation
Status: Pending on / /
Transferee District:        Judge:

Printed on 10/04/2004

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Bremer, Kristin L.<br>Barran Liebman LLP<br>601 SW. 2nd Avenue<br>Suite 2300<br>Portland, OR 97204-3159 | => Greenbaum Orthodontics, P.C.*; Greenbaum, Dr., Kenneth* |
| Clearman, Scott M.<br>McClanahan & Clearman, LLP<br>4100 NationsBank Center<br>700 Louisiana<br>Houston, TX 77002 | => OrthAlliance, Inc.*; OrthAlliance, Inc. fka US Orthodontic Care Inc.*; Orthodontic Centers of America Inc.* |
| Colao, Brian A.<br>Locke Liddell & Sapp<br>2200 Ross Ave<br>Suite 2200<br>Dallas, TX 75201-6776 | => Anthony R. Togrye, D.D.S., P.C.*; Carroll, D.M.D., Alicia*; Charles M. Simons DDS Inc.*; Clower, D.M.D., T. Barry*; Clower, T. Barry*; Columbus Orthodontic Associates PC*; Don E. Lahrman, DDS, MSD, Inc.*; Durbin, Douglas D.*; Garner, David Tod*; Goodwin, DDS, MS, Michael D.*; Gregory P. Scott, D.D.S., P.A.*; Hanson, Jr., John F.*; Hirschfield & Associates, P.A.*; Huang, John*; John F. Hanson, D.M.D., P.C.*; Kentucky Center for Orthodontics, PSC*; Lahrman, DDS MSD, Don E.* Michael D. Goodwin, DDS, MS, P.C.*; Orthodontic Affiliates PC*; Pence DMD DDS, Ben B.*; Rodeffer & Garner, D.D.S., P.A.*; Rodeffer, Suellen*; Scott, Gregory P.*; Simons, DDS Charles M.*; T. Barry Clower, D.M.D., P.C.*; Togrye, Anthony R.* |
| Kraft, Michael A.<br>Quinn, Johnston, Henderson & Pretorius<br>227 N.E. Jefferson Street<br>Peoria, IL 61602 | => Dr. Charles L. Schnibben, Ltd.*; Schnibben, D.D.S., M.S., Charles L.* |
| Rea, James P.<br>Dominick, Fletcher, Yeilding, Wood & Lloyd<br>2121 Highland Ave. South<br>Birmingham, AL 35205 | => Birmingham Orthocare, P.C.*; Philipp, Ronald G.* |
| Trawick, Stephen C.<br>1100 Airport Blvd., Bldg. A<br>Pensacola, FL 32504 | => Trawick, D.D.S., Stephen C. |
| Trawick Orthodontic Cente,<br>c/o Stephen C. Trawick, D.D.S.<br>1100 Airport Blvd. Bldg. A<br>Pensacola, FL 32504 | => Trawick Orthodontic Center, P.A. |

Note: Please refer to the report title page for complete report scope and key.