In the instant matter, *Colorado River* abstention would do little to further principles of federalism, and would provide few appreciable benefits at this stage of the Court's involvement in the OrthAlliance cases. The Court and Defendant have already dedicated significant effort considering the contracts which underlie this action, and the Court's *Penny* decision interpreting the Texas Dental Practices Act is currently pending in the Fifth Circuit. The state court case that OrthAlliance prefers to litigate involves identical parties and issues as the instant matter, and was filed in state court less than three weeks after the Court decided *Penny* and only after Plaintiffs here advised OrthAlliance of their intent to rely on *Penny*. Little progress has been made in the state court action. In addition, fourteen of the sixteen orthodontists in Texas suing OrthAlliance are litigating these issues in the U.S. District Court for the Northern District of Texas. In sum, the factors set forth by *Colorado River* and *Moses H. Cone* do not persuade the Court that the instant matter constitutes one of the "exceptional circumstances" that overcome the Court's "virtually unflagging obligation" to exercise jurisdiction. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 589 (5th Cir. 1994) (quoting *Colorado River*, 424 U.S. at 817) (identifying six factors a district court should consider when determining *Colorado River* abstention). Accordingly, the Court denies OrthAlliance's motion to dismiss the Perkins claims on the basis of abstention.[3]

## CONCLUSION

Because a valid arbitration agreement covers the dispute at issue, the Court must stay the proceeding against Morrow. Although abstention is not appropriate, the Court will stay the action against Perkins pending appeal of the Court's Memorandum Opinion and Order

---

[3] In OrthAlliance's reply brief, it argues for the first time that *Burford* abstention is appropriate. The Court will not consider grounds raised the first time in a reply brief.

ORDER – PAGE 9

in the related proceeding of *Penny v. Orthalliance*. The Court will, by separate Order, address Defendants' Motion for Partial Summary Judgment.

SIGNED this 26 day of March, 2004.

David C. Godbey
United States District Judge



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD C. PERKINS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:03-CV-1732-N |
| | § | |
| ORTHALLIANCE, INC., | § | |
| | § | |
| Defendant. | § | |

### ORDER

On March 26, 2004, the Court issued its Memorandum Opinion and Order (the "Order") granting in part Defendant OrthAlliance, Inc.'s ("Orthalliance") Motion to Stay or, in the Alternative, Motion to Dismiss ("Motion to Stay"), filed August 25, 2003. In that Order the Court granted Orthalliance's request for arbitration of the claims of the Morrow plaintiffs. Subsequent to the Order, the Morrow plaintiffs have directed the Court's attention to an instrument styled "OrthAlliance's Withdrawal of its Motion to Compel Plaintiffs Jim Bill Morrow and Morrow Orthodontics, P.C." (the "Withdrawal"), filed September 26, 2003. The Court did not consider the Withdrawal in its consideration of the Motion to Stay, in principal part because the Withdrawal appears to refer to a "Motion to Compel," not the Motion to Stay; moreover, in the briefing on the Motion to Stay filed after the Withdrawal, neither side made any mention of the Withdrawal.[1] Furthermore, the filing of a "Withdrawal" under the Court's CM/ECF case management software has no effect on

---

[1] Other than a somewhat cryptic footnote in Plaintiffs' Surreply, stating: "Plaintiffs note that their Cross-Motion is moot in accordance with OrthAlliance's Withdrawal of its Motion to Compel Plaintiffs Jim Bill Morrow and Morrow Orthodontics, P.C. Similarly, Plaintiffs treat OrthAlliance's arguments against administrative transfer as moot, based on the transfer of this action to Judge Godbey." *See* Surreply at 2 n.4.

ORDER – PAGE 1

whether a motion, such as the Motion to Stay, is shown as pending, absent submission of an accompanying order. Although it would have been nice to be aware of the intent of the Withdrawal prior to devoting efforts to address arbitration in the Order, the Court now understands that Defendant no longer intended to pursue its right to arbitrate the claims of the Morrow plaintiffs, as sought in the Motion to Stay. Accordingly, the Court vacates the portion of the March 26, 2004 Memorandum Opinion and Order addressing arbitration of the Morrow plaintiffs' claims. Those claims are hereby stayed, for the reasons indicated with respect to the Perkins plaintiffs in the Order.

SIGNED this 31 day of March, 2004.

_____
David C. Godbey
United States District Judge

E

Case 3:04-cv-30045-MAP    Document 27-6    Filed 10/21/2004    Page 5 of 12

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 26 2004
CLERK, U.S. DISTRICT COURT
By _____
Deputy

HAL C. STEVENSON, §
§
Plaintiff, §
§
v. § Civil Action No. 3:03-CV-1465-N
§
ORTHALLIANCE NEW IMAGE, §
INC, *et al.*, §
§
Defendants. §

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment, filed January 26, 2004. It appears that the determination of Plaintiff's motion may turn on the outcome of the Fifth Circuit's review of *Penny v. Orthalliance*, 255 F. Supp. 2d 579 (N.D. Tex. 2003). Accordingly, Plaintiff's motion is denied without prejudice to reurging pending disposition of the appeal of *Penny v. Orthalliance*. It is hereby ordered that all matters in this case are STAYED pending the resolution of *Penny*.

SIGNED this 26 day of July, 2004.

_____
David C. Godbey
United States District Judge

ORDER – SOLO PAGE

EXHIBIT E

F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT C. PENNY, et al., <br> Plaintiffs, <br> vs. <br><br> ORTHALLIANCE, INC., a Delaware corporation, <br> Defendant, <br><br> and <br><br> RONALD C. BARNETT, et al., <br> Plaintiffs, <br> v. <br><br> ORTHALLIANCE NEW IMAGE, INC., a Delaware corporation, <br> Defendant. | § § § § § § § § § § § § § § § § § § § § | Civil Action No. 301-CV 1569-N <br> LEAD CASE <br><br><br><br><br><br><br><br> Civil Action No. 3:02 CV 2575 - N <br> MEMBER CASE |

### AGREED ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE ALL RELATED ORTHALLIANCE LITIGATION

The Court, having considered Plaintiffs' Unopposed Motion to Consolidate All Related OrthAlliance Litigation, the arguments in support thereof, and the representations of counsel, it is the opinion that said Motion should be **GRANTED**.

It is therefore **ORDERED, ADJUDGED** and **DECREED** that the following actions are hereby consolidated herein as "member cases" for all purposes: (1) *Perkins et al v. OrthAlliance, Inc.*, 3:03-CV-1732; (2) *Borkowski et al. v. OrthAlliance New Image, Inc.*, Civil Action No. 3:03-CV-02833; (3) *Cole et al. v. OrthAlliance, Inc.*, 3:03-CV-02109; ~~and (4) Potter et al. v. OrthAlliance, Inc., 4:04-CV-00412 (the "Potter action").~~ All deadlines established in any prior scheduling or case management order entered in any of these member cases are hereby stricken


EXHIBIT F

and a new case management order shall be issued from this Court governing this consolidated action.

Signed this 25 day of June, 2004.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　JUDGE DAVID GODBEY
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO
CONSOLIDATE ALL RELATED ORTHALLIANCE LITIGATION– Page 2
DALLAS 38735/00001 1290287v1

**AGREED AS TO FORM AND SUBSTANCE:**

_____
**Brian A. Colao**

Attorney for Robert C. Penny, Penny Orthodontics, P.C., Keith Stewart, Stewart Orthodontics, P.C., William M. Reeves and William M. Reeves, P.C. (the Penny Plaintiffs); Ronald C. Barnett, Barnett Orthodontics, Inc., Robert P. Buck, Buck Orthodontics, P.C., Monte Collins, Michael L. Johnson, Johnson & Collins Orthodontics, P.A., Michael Habern, Habern Orthodontic Associates, P.C., Lester Kuperman, Lester H. Kuperman, D.D.S., M.S., Inc., Joe M. Richards, Joe M. Richards, D.D.S., P.C., Claude R. Stephens, Claude R. Stephens, Jr., D.D.S., M.S., P.A., Hal C. Stevenson, and Hal C. Stevenson, D.D.S., M.S., P.C. (the Barnett Plaintiffs); Ronald C. Perkins, D.D.S. and Ronald C. Perkins, D.D.S., M.S.D., P.C. (the Perkins Plaintiffs); Dr. Robert N. Borkowski and Robert N. Borkowski, D.D.S., M.S., P.C. (the Borkowski Plaintiffs); and Steven W. Potter and Steven W. Potter, D.D.S., P.C. (the Potter Plaintiffs).


_____
**Glen Lemay**

Attorney for Dr. Steve Cole and Bay Area Orthodontics, P.C. (the Cole Plaintiffs).


_____
**Scott Clearman**

Attorney for OrthAlliance, Inc. and OrthAlliance New Image, Inc. (Defendants).

AGREED AS TO FORM AND SUBSTANCE:

_____
Brian A. Colao

Attorney for Robert C. Penny, Penny Orthodontics, P.C., Keith Stewart, Stewart Orthodontics, P.C., William M. Reeves and William M. Reeves, P.C. (the Penny Plaintiffs); Ronald C. Barnett, Barnett Orthodontics, Inc., Robert P. Buck, Buck Orthodontics, P.C., Monte Collins, Michael L. Johnson, Johnson & Collins Orthodontics, P.A., Michael Habern, Habern Orthodontic Associates, P.C., Lester Kuperman, Lester H. Kuperman, D.D.S., M.S., Inc., Joe M. Richards, Joe M. Richards, D.D.S., P.C., Claude R. Stephens, Claude R. Stephens, Jr., D.D.S., M.S., P.A., Hal C. Stevenson, and Hal C. Stevenson, D.D.S., M.S., P.C. (the Barnett Plaintiffs); Ronald C. Perkins, D.D.S. and Ronald C. Perkins, D.D.S., M.S.D., P.C. (the Perkins Plaintiffs); Dr Robert N. Borkowski and Robert N. Borkowski, D.D.S., M.S., P.C. (the Borkowski Plaintiffs); and Steven W. Potter and Steven W. Potter, D.D.S., P.C. (the Potter Plaintiffs).

_____
Glenn R. LeMay

Attorney for Dr. Steve Cole and Bay Area Orthodontics, P.C. (the Cole Plaintiffs)


_____
Scott Clearman

Attorney for OrthAlliance, Inc. and OrthAlliance New Image, Inc. (Defendants).


ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO
CONSOLIDATE ALL RELATED ORTHALLIANCE LITIGATION-- Page 3

**AGREED AS TO FORM AND SUBSTANCE:**


_____
**Brian A. Colao**

Attorney for Robert C. Penny, Penny Orthodontics, P.C., Keith Stewart, Stewart Orthodontics, P.C., William M. Reeves and William M. Reeves, P.C. (the Penny Plaintiffs); Ronald C. Barnett, Barnett Orthodontics, Inc., Robert P. Buck, Buck Orthodontics, P.C., Monte Collins, Michael L. Johnson, Johnson & Collins Orthodontics, P.A., Michael Habern, Habern Orthodontic Associates, P.C., Lester Kuperman, Lester H. Kuperman, D.D.S., M.S., Inc., Joe M. Richards, Joe M. Richards, D.D.S., P.C., Claude R. Stephens, Claude R. Stephens, Jr., D.D.S., M.S., P.A., Hal C. Stevenson, and Hal C. Stevenson, D.D.S., M.S., P.C. (the Barnett Plaintiffs); Ronald C. Perkins, D.D.S. and Ronald C. Perkins, D.D.S., M.S.D., P.C. (the Perkins Plaintiffs); Dr. Robert N. Borkowski and Robert N. Borkowski, D.D.S., M.S., P.C. (the Borkowski Plaintiffs); and Steven W. Potter and Steven W. Potter, D.D.S., P.C. (the Potter Plaintiffs).


_____
**Glen Lemay**

Attorney for Dr. Steve Cole and Bay Area Orthodontics, P.C. (the Cole Plaintiffs).

*/s/ Scott Clearman*
_____
**Scott Clearman**

Attorney for OrthAlliance, Inc. and OrthAlliance New Image, Inc. (Defendants).