# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:            [202] 502-2888

http://www.jpml.uscourts.gov

December 7, 2004

TO CLERKS OF THE FOLLOWING U. S. DISTRICT COURTS:

NORTHERN DISTRICT OF ALABAMA
MIDDLE DITRICT OF FLORIDA
NORTHERN DISTRICT OF FLORIDA
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DISTRICT OF GEORGIA
NORTHERN DISRTICT OF ILLINOIS
NORTHERN DISRTICT OF INDIANA
EASTERN DISTRICT OF KENTUCKY
DISTRICT OF MASSACHUSETTS
DISTRICT OF OREGON
MIDDLE DISTRICT OF TENNESSEE

MDL-1652 -- In re OrthAlliance, Inc., Contract Litigation

(See Schedule A of Order)

Dear Clerks:

I am enclosing a certified copy of an order of the Judicial Panel on Multidistrict Litigation filed today in this matter. The act creating the Panel provides that "An order denying transfer shall be filed in each district wherein there is a case pending in which the motion for transfer has been made." (28 U.S.C. § 1407(c)).

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
Deputy Clerk

Enclosure

cc: Transferor Judges:   Judge Henry L. Adams, Jr., Judge Mark R. Filip, Judge Karl S. Forester,
Judge J. Owen Forrester, Judge William M. Hoeveler, Judge  Michael R. Hogan,
Judge Elizabeth A. Kovachevich, Judge Michael A. Ponsor, Judge R. David Proctor,
Judge M. Casey Rodgers, Judge Philip Peter Simon
   Hearing Clerk:        Karen S. Mitchell

JPML Form 32

A CERTIFIED **TRUE COPY**

*RELEASED FOR PUBLICATION*

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*DOCKET NO. 1652*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 7 2004

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ORTHALLIANCE, INC., CONTRACT LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## ORDER DENYING TRANSFER

This litigation currently consists of thirteen actions listed on the attached Schedule A and pending in eleven districts as follows: two actions each in the Middle District of Florida and the Northern District of Indiana; and one action each in the Northern District of Alabama, the Northern and Southern Districts of Florida, the Northern District of Georgia, the Northern District of Illinois, the Eastern District of Kentucky, the District of Massachusetts, the District of Oregon, and the Middle District of Tennessee.[1] OrthAlliance, Inc., the only common party to this litigation (serving as a plaintiff in six actions and a defendant in the remaining seven), originally moved the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Indiana or, alternatively, the Middle District of Florida. Opposing Section 1407 transfer are parties aligned opposite OrthAlliance in the Northern District of Alabama action, the Northern District of Florida action, and the Northern District of Illinois action. Parties aligned opposite OrthAlliance in the remaining actions subject to the motion and in a consolidated Northern District of Texas potential tag-along action agree with OrthAlliance that some centralization is appropriate. They oppose transfer, however, of five actions that they identify as trial ready (the two Middle District of Florida actions, the Northern District of Georgia action, one of the Northern District of Indiana actions, and the Middle District of Tennessee action). These respondents also favor selection of a different district, the Northern District of Texas, as transferee forum. In reply, movant OrthAlliance opposes the suggested Texas forum but it does agree with these respondents that two of the five actions identified as trial ready (the Northern District of Georgia and Middle District of Tennessee actions) need not be transferred. OrthAlliance continues to favor centralization of the remaining actions included on its Section 1407 motion.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just

---

[*]Judge Motz took no part in the disposition of this matter.

[1]The Panel has been notified of additional purportedly related actions pending in the Eastern District of New York and the Northern District of Texas. In light of the Panel's disposition of this docket, the question of Section 1407 transfer with respect to these actions is moot.

- 2 -

and efficient conduct of this litigation. Movant has failed to persuade us that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket in which some constituent actions have already been pending for over three years. We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978). *See also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1652 -- In re OrthAlliance, Inc., Contract Litigation</u>

<u>Northern District of Alabama</u>

*OrthAlliance, Inc. v. Ronald G. Philipp, et al.*, C.A. No. 2:04-2245

<u>Middle District of Florida</u>

*David Tod Garner, et al. v. OrthAlliance, Inc.*, C.A. No. 3:03-948
*Gregory P. Scott, et al. v. OrthAlliance, Inc.*, C.A. No. 8:03-2334

<u>Northern District of Florida</u>

*OrthAlliance, Inc. v. Stephen C. Trawick, D.D.S., et al.*, C.A. No. 3:04-310

<u>Southern District of Florida</u>

*OrthAlliance, Inc. v. Alicia Carroll, D.M.D., et al.*, C.A. No. 1:04-22256

<u>Northern District of Georgia</u>

*T. Barry Clower, D.M.D., P.C., et al. v. OrthAlliance, Inc.*, C.A. No. 1:01-1636

<u>Northern District of Illinois</u>

*OrthAlliance, Inc. v. Charles L. Schnibben, D.D.S., M.S., et al.*, C.A. No. 1:04-4850

<u>Northern District of Indiana</u>

*Orthodontic Affiliates, P.C., et al. v. OrthAlliance, Inc., et al.*, C.A. No. 2:01-516
*OrthAlliance, Inc. v. Michael D. Goodwin, D.D.S., M.S., et al.*, C.A. No. 2:04-285

<u>Eastern District of Kentucky</u>

*Kentucky Center For Orthodontics, P.S.C. v. OrthAlliance, Inc., et al.*, C.A. No. 5:02-517

<u>District of Massachusetts</u>

*John F. Hanson, Jr., et al. v. OrthAlliance, Inc.*, C.A. No. 3:04-30045

- 2 -

**MDL-1652 Schedule A (Continued)**

<u>District of Oregon</u>

*OrthAlliance, Inc. v. Kenneth Greenbaum, et al.*, C.A. No. 6:04-6238

<u>Middle District of Tennessee</u>

*Anthony R. Togrye, et al. v. OrthAlliance, Inc.*, C.A. No. 3:01-1579